## CLEBURNE STATE BANK v. KRAFT et al.
### (No. 8316.)

Court of Civil Appeals of Texas. San Antonio. Dec. 21, 1929.

Rehearing Denied Jan. 29, 1930.

R. A. Kilpatrick, of Cleburne, for appellant.
H. S. Bonham, of Beeville, and W. E. Pope, of Corpus Christi, for appellees.

SMITH, J. On January 1, 1927, James Bernard executed and delivered his promissory note in the sum of $1,599.29, payable one-year after its date to a Cleburne bank, which afterwards assigned the note to a Cleburne bank and trust company. Bernard defaulted in the payment of the note at maturity, whereupon the holder brought suit and obtained judgment thereon in a Johnson county district court. That judgment became final, and was assigned to the Cleburne State Bank, appellant herein. When execution was issued to Johnson county and returned nulla bona, alias execution was issued to Nueces county, in July, 1928, and in pursuance thereof the sheriff of the last-named county levied upon a tract of land in Nueces county, shown upon the face of the records to belong to the said James Bernard, at the time said debt accrued.

After the sheriff seized the land and advertised it for sale under the writ of execution, this suit was instituted by Pauline Kraft, joined pro forma by her husband, to enjoin the sale of said land under said writ. It was alleged by said plaintiffs that Pauline Kraft is a granddaughter of Bernard, that the latter in 1921 made a parol gift of said land to his said granddaughter, and in pursuance of the parol gift conveyed said land to her by general warranty deed on January 5, 1928, and that therefore the land was in fact the property of Pauline Kraft, and not subject to execution to satisfy the debts of Bernard.

It will be observed from the foregoing that Bernard became indebted to the bank on January 1, 1927, as evidenced by said note, that said note matured January 1, 1928, and that Bernard, the debtor, conveyed the land to appellee five days later, on January 5, 1928. Appellant, as defendant below, contested the suit upon the ground that this conveyance was not made in good faith, but for the fraudulent purpose of hindering, delaying, and defeating the grantor's creditor, appellant. The cause was tried to a jury, but at its conclusion the trial judge directed a verdict in favor of the Krafts, and in accordance with such verdict rendered judgment permanently enjoining the sale of the land under said writ of execution, upon the recitation in the judgment that the land was the property of Mrs. Kraft, and not of Bernard, the execution debtor. The bank has appealed.

The only witness who testified upon the trial was a son of James Bernard. His testimony was vague, uncertain, indefinite upon all the several material issues in the case, and positive upon the facts of neither of those issues. He knew nothing definite concerning the facts necessary to establish parol gift, possession, dominant control, or permanent improvements, constituting essential elements of the defense set up to defeat appellant's apparent right to subject at least part of the land involved to the payment of the judgment sought to be enforced by appellant against Bernard, the record owner of the land at the time of the accrual of the debt upon which the judgment was based. Neither Bernard, the debtor and the grantor in the deed to appellee, nor his wife, nor appellee, testified in the case, although the facts indicate that each of them is cognizant of more of the true facts of the case than the one witness tendered by appellee upon the trial.

If the testimony of the one witness was of material value, it certainly did no more than raise issues of fact, which should have gone to the jury, and therefore the court erred in directing a verdict.

The judgment is reversed, and the cause remanded.